IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,<br><br>Plaintiff,<br><br>v.<br><br>SANCHEZ-CASTRO, ET AL.,<br><br>Defendants. | CIVIL NO. 15-1954 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

On December 16, 2013, Doral Bank ("Doral") initiated this action against Orlando Sanchez Castro ("Sanchez Castro"), Iris Camacho Febres and the legal partnership between them for mortgage foreclosure in the San Juan Part of the Puerto Rico Court of First Instance. Docket No. 1-3. Defendants filed a counterclaim against Doral. *Id.* at 16. On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the Federal Deposit Insurance Corporation ("FDIC-R" or "Plaintiff") as Doral's receiver.

On July 17, 2015, the FDIC-R filed a Notice of Removal from the Puerto Rico Court of First Instance, Docket No. 1, after having substituted Doral Bank as the real party in interest to defend the counterclaim brought by Defendants, Docket No. 1-7. The FDIC also requested a stay of the proceedings under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1819(a). Docket No. 2. Shortly after, the FDIC-R filed a Motion to

Dismiss (the "motion") claiming that this Court lacks subject matter jurisdiction because Defendants did not comply with the FIRREA administrative claims process. Docket No. 9. The Court agrees.

Before the Court is Plaintiff's motion, Docket No. 9, Defendants' Response to the motion, Docket No. 13, Plaintiff's Opposition to the Response, Docket No. 14, and Defendants' response to the Opposition to the Response to the motion, Docket No. 15.

For the reasons stated below, Defendant's Counterclaim is DISMISSED *with prejudice* and Plaintiff's foreclosure claim is DISMISSED *without prejudice.*

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citing *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996); *Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc.*, 849 F.Supp.2d 240 (D.P.R. 2012). Furthermore, under this process, the FDIC has discretion to determine whether to allow or disallow claims asserted against banks in its receivership *See* 12 U.S.C. § 1821(d)(5).

The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000).

## ANALYSIS

I. Financial Institutions Reform, Recovery, and Enforcement Act of 1989

FIRREA establishes the FDIC as the agency that would best handle failed banks as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). The FDIC also assumes the liabilities of the failed institution. 12 U.S.C. § 1823(c)(2)(A)(i). The idea behind this framework was "to facilitate takeovers of insolvent financial institutions and smooth the modalities by which rehabilitation might be accomplished." *Acosta-Ramirez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013) (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir.1992)).

Because Congress wanted the FDIC to handle failed depository institutions in an expeditious manner, FIRREA created a statutory claims process to handle all claims against failed banks. *Acosta-Ramirez*, 712 F.3d at 19. After the appropriate governmental entity appoints the FDIC as receiver, it must publish a notice to the depository institution's claimants of their obligation to present proof of their claims by a specific date (claims bar date).[1] 12 U.S.C. § 1821(d)(3)(B)(i). This claims bar date cannot occur before ninety (90) days after the first publication.[2] *Id.* At the same time it publishes the first notice, the FDIC must also mail a similar

---

[1] The governmental entity that appoints the FDIC as receiver of failed financial institutions is the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. *See* P.R. Laws Ann. tit. 7, § 2001.

[2] The notice must be republished twice, at approximately one and two months, after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii).

notice to any claimant listed in the failed institution's books, or within 30 days of discovering the name and address of a claimant not appearing on the institution's books. 12 U.S.C. § 1821(d)(3)(C). If the claimant fails to file the claim before the claims bar date the claim is barred. *See* 12 U.S.C. § 1821(d)(5)(C).

After a claim is filed, the FDIC has 180 days to allow or disallow the claim. *Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(5)(A)(i)). Thereafter, Claimants have sixty (60) days after the disallowance of the claim, or 180 days after the expiration of the administrative decision deadline, to either seek judicial review or to continue a case in court if the case has been stayed. *Acosta-Ramirez*, 712 F.3d at 19; *see also* 12 U.S.C. § 1821(d)(6) (establishing that claimant may file suit or continue an action commenced before the appointment of receiver). Compliance with and exhaustion of the administrative procedure is mandatory. *See Marquis*, 965 F.2d at 1151.

On March, 6 2015, the FDIC-R published notice to potential creditors and depositors of Doral in both the *El Vocero de Puerto Rico* and *El Nuevo Dia* newspapers, informing that Doral had been closed and that any claim against Doral had to be filed with the FDIC-R not later than June 4, 2015. Docket 9-1 at 2. On May 14, 2015, the FDIC-R also sent Defendant Sanchez-Castro a letter notifying him of the claims bar date and instructing him that any claims he had needed to be submitted for an administrative claims process. Docket No. 9-2. Defendants, however, did not submit any claims to the FDIC-R and thus, failed to comply with the administrative claims process in 18 U.S.C. § 1821. Docket No. 9-1 at 2.

Accordingly, since the FIRREA administrative procedures have not been exhausted, the Court lacks subject matter jurisdiction to hear this claim. *See Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st

Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

That Defendants did not actually receive the letter does not mean that they were not properly notified under FIRREA. Docket No. 13 at 2-2. Although FIRREA requires that the FDIC mail notice to known creditors or claimants, *see Demelo v. U.S. Bank Nat. Ass'n*, 727 F.3d 117, 124 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(C)), "the statute does not provide claimants a waiver or exception to completing the mandatory [administrative claims process] if notice is not mailed." *F.D.I.C. v. Beneficial Mortgage Corp.*, 858 F. Supp. 2d 196, 202 (D.P.R. 2012) (collecting cases). "As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the notice requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied." *Id.* (citations omitted).

In this case, Defendants were notified through the mail. Docket No. 9-2. Additionally, Defendants were also notified through publications in the local newspapers. Docket No. 9-1. Even if both notices do not suffice, which they do, Defendants were notified of FDIC-R's receivership on May 19, 2015, when it substituted Doral Bank in the state court proceedings. Docket No. 1-7. Thus, FDIC–R's notices of receivership were sufficient to comply with FIRREA, given that Defendants had either personal knowledge or knowledge through their attorneys of the receivership before the claims bar date. The Court finds no merit to Defendants' arguments regarding sufficient notice of the Bank's receivership. Therefore, because Defendants had sufficient notice of receivership, they are not exempt from exhausting the administrative process in accordance with 12 U.S.C. § 1821(d).

## CONCLUSION

For the reasons stated above, the Court GRANTS FDIC-R's Motion to Dismiss *with prejudice*. The foreclosure claim is also DIMISSED *without prejudice* to be continued by the new note holder at state court.[3]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of August, 2016.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge

---

[3] The servicing of the loan was transferred to Rushmore Loan Management Services ("Rushmore"). Docket No. 9 at 8. The counterclaim was retained by FDIC-R. *Id.*